UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s): **Daron K. Lynch**   Case No: **05-39330**

This plan, dated **January 3, 2006**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ☒ a modified plan, which replaces the plan dated **10/18/05**.

The plan provisions modified by this filing are:
**Raise the amount of arrearage, extend plan two months**

Creditors affected by this modification are:
**Homecomings financial, all**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless written objection is filed on or before  1/27/2006  and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

> Total Assets: **$112,410.00**
> Total Non-Priority Unsecured Debt: **$6,000.00**
> Total Priority Debt: **$0.00**
> Total Secured Debt: **$103,000.00**

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037   Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$500.00 Monthly for 38 months**. Other payments to the Trustee are as follows: __NONE__ . The total amount to be paid into the plan is $__19,000.00__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

       1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
       2. Debtor(s)' attorney will be paid $__1,400.00__ balance due of the total fee of $__1,400.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
       The following priority creditors will be paid by deferred case payments pro rata with other priority creditors or in monthly installments as below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that (a) regardless of term, are being bifurcated into secured and unsecured portions, (b) do not have a term longer than the length of this plan, or (c) are not secured solely by the debtor(s)' principal residence.

    A. **Collateral to be retained.** The following creditors shall retain their liens and be paid as indicated below. Insurance will be maintained at the debtor(s)' expense, in accordance with the terms of the contract and security agreement. The debtor(s) move to value the collateral as stated below. The Trustee shall pay allowed secured claims the value stated from the date of confirmation until the secured claim is paid in full. The excess of the creditor's claim over the stated value shall be treated as an unsecured claim. Upon completion of the plan, the creditor shall release its lien and deliver any certificate of title to the debtor(s). **Unless written objection to the value below is timely filed with the Court, the Court may determine that the collateral is worth the value stated.** If a timely objection is filed, the value will be determined by the Court at the confirmation hearing.

| Creditor | Collateral Description | Collateral Value | Estimated Claim | Interest Rate | Monthly Payment and term* |
|---|---|---|---|---|---|
| -NONE- | | | | | |

*These secured claims will be paid by the Trustee either on a fixed monthly basis as stated or pro rata with other secured claims.*

    B. **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor may hold a non-priority, unsecured claim for a timely filed deficiency claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim |
|---|---|---|
| -NONE- | | |

4. **Unsecured Claims.**

    A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __100__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __100.0__ %.

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5. **Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

   Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

   A. **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Homecomings Financial | 1623 South Sycamore St., City of Petersburg | 0.00 | 8,020.00 | 0% | 21 months | Prorata |
| Union Finance Corp | 2000 Toyota Forerunner | 0.00 | 1,250.00 | 6% | 21 months | Prorata |

   B. **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Arrearage Payment | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

7. **Motions to Avoid Liens.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                                                           Best Case Bankruptcy

  B.  **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8. Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9. Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10. Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11. Other provisions of this plan:**

**Signatures:**

Dated:  **January 3, 2006**

**/s/ Daron K. Lynch**
**Daron K. Lynch**
**Debtor**

**/s/ Michael J. Champlin**
**Michael J. Champlin 19024**
**Debtor's Attorney**

**Exhibits:** **Copy of Debtor(s)' Budget (Schedules I and J);**
     **Matrix of Parties Served with plan**

Certificate of Service

 I certify that on  **January 3, 2006** , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Michael J. Champlin**
**Michael J. Champlin 19024**
Signature

**1919 Huguenot Rd**
**Richmond, VA 23235**
Address

**804-379-1900**
Telephone No.

Page 4

Form B6I
(10/05)

In re **Daron K. Lynch**     Case No. **05-39330**

Debtor(s)

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP: **Daughter** | AGE: **12** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Truck Driver** | |
| Name of Employer | **United Transportation** | |
| How long employed | **5 yrs** | |
| Address of Employer | **1111 Commerce Rd. Richmond, VA 23234** | |

| INCOME: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ **4,070.90** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **4,070.90** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ **552.03** | $ **N/A** |
|     b. Insurance | $ **222.96** | $ **N/A** |
|     c. Union dues | $ **0.00** | $ **N/A** |
|     d. Other (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **774.99** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **3,295.91** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm. (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **0.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ **0.00** | $ **N/A** |
| 11. Social security or other government assistance (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income (Specify): **PArt time Wife** | $ **688.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **688.00** | $ **N/A** |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **3,983.91** | $ **N/A** |

16. TOTAL COMBINED MONTHLY INCOME:    $ **3,983.91**    (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Form B6J
(10/05)

In re **Daron K. Lynch**  Case No. **05-39330**
Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,038.00 |
|   a. Are real estate taxes included? Yes **X** No ___ | |
|   b. Is property insurance included? Yes ___ No **X** | |
| 2. Utilities:   a. Electricity and heating fuel | $ 179.00 |
|     b. Water and sewer | $ 50.00 |
|     c. Telephone | $ 50.00 |
|     d. Other | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ 20.00 |
| 4. Food | $ 400.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 20.00 |
| 7. Medical and dental expenses | $ 50.00 |
| 8. Transportation (not including car payments) | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| 10. Charitable contributions | $ 80.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ 65.00 |
|     b. Life | $ 0.00 |
|     c. Health | $ 0.00 |
|     d. Auto | $ 100.00 |
|     e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|   (Specify) **Personal Property** | $ 15.00 |
| 13. Installment payments: (In chapter 11, 12 and 13 cases, do not list payments to be included in the plan.) | |
|     a. Auto | $ 535.00 |
|     b. Other | $ 0.00 |
|     c. Other | $ 0.00 |
|     d. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other   **Hair Care** | $ 15.00 |
|     Other | $ 0.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 2,917.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Total monthly income from Line 16 of Schedule I | $ 3,983.91 |
| b. Total monthly expenses from Line 18 above | $ 2,917.00 |
| c. Monthly net income (a. minus b.) | $ 1,066.91 |

Homecomings Financial
2711 North Haskell Ave
Dallas, TX 75204


Union Finance Corp
P.O. Box 1812
Petersburg, VA 23805-2120